IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.                                                    Case No. 23-cr-01298-WJ

**JESUS ISRAEL LOPEZ,**

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR CUSTODIAL CONTACT VISIT WITH TERMINALLY ILL SISTER

**THIS MATTER** comes before the Court upon Jesus Lopez's Emergency Motion for Custodial Contact Visit with his Terminally Ill Sister (**Doc. 45**). Defendant moves for the Court to arrange a short custodial contact visit with his terminally ill sister through the United States Marshal Service ("USMS"). *Id* **at 2.** This comes after the Defendant's Opposed Motion for Emergency Furlough to Visit Terminally Ill Sister (**Doc. 39**) was denied by the Court. The Court denied that motion because the Defendant did not demonstrate he was not a flight risk or a danger to the community and did not show that there were exceptional reasons justifying his release from custody. (*See* **Doc. 42**). Having reviewed the Defendant's Motion, applicable law, and USMS policy, the Court finds that a hearing is not required for its decision and **DENIES** Defendant's Motion (**Doc. 45**). However, the Court is sympathetic to the Defendant's situation and continues

1

to recommend that efforts be made to arrange a Zoom[1] video conference between Defendant and his sister.

## BACKGROUND

On June 20, 2021, in Bernalillo County, New Mexico, the victim, John Doe, agreed to give the Defendant, Jesus Lopez, a ride in his Volkswagen Jetta to a house in Albuquerque, New Mexico. **Doc. 33 at 5**. After John Doe exited the vehicle, the Defendant pulled out a firearm and instructed John Doe to back away from the vehicle. *Id.* The Defendant fired a warning shot at John Doe so he would know that the Defendant was serious about causing him bodily injury if he did not comply with the Defendant's demands. *Id.* The Defendant then hopped in the driver's seat of car and drove away, firing another shot off in the process. *Id at 6*. The Defendant pled guilty to Carjacking in violation of 18 U.S.C. §2119, and Using, Carrying, and Discharging a Firearm in furtherance of a Crime of Violence in violation of 18 U.S.C. §924(c)(1)(A)(iii) on April 18, 2024. (**Doc. 33**). On June 18, 2024, the Defendant filed the Emergency Motion for Furlough to Visit his Terminally Ill Sister (**Doc. 39**) that was opposed by the United States (**Doc. 41**). The Court denied the Emergency Motion for Furlough to Visit his Terminally Ill Sister. (**Doc. 39**). The Court understood why the Defendant thought his sister's diagnosis was an exceptional reason justifying his temporary release. (**Doc. 42 at 3-4**). However, the law does not support familial hardship, including terminal diagnoses, as an exceptional reason justifying release and the Defendant failed to prove even if it was an exceptional reason, he was not a flight risk nor a danger to the community. (**Doc. 42 at 4-5**). The Defendant then filed Emergency Motion for a Custodial Contact Visit with his Terminally Ill Sister (**Doc. 45**). The Pretrial Services Officer takes no position on this motion and the United States defers to the Court and USMS, while maintaining opposition to

---

[1] Or other video conferencing technology that would allow Plaintiff and his sister to have face-to-face communication.

any release of the Defendant. (**Doc. 45 at 3**). The Defendant is currently awaiting sentencing which is scheduling for August 27, 2024. (**Doc. 44**).

## DISCUSSION

The Court recognizes that the terminal diagnosis for Defendant's sister is an emotionally difficult time for Defendant and his family. The Court continues to be sympathetic to the Defendant's situation and can understand why the Defendant filed the Emergency Motion for Custodial Contact Visit with his Terminally Ill Sister (**Doc. 45**). However, USMS policy disfavors custodial visits to a family home because it is too much of a security risk and the USMS cannot ensure the safety and security of their personnel or the public during a custodial visit to a familial home. As for a courthouse visit with the terminally ill sister, the logistics of trying to bring a patient in hospice care into the courthouse are not workable. Therefore, the Court denies the Defendant's motion and continues to recommend setting up a Zoom video conference for the Defendant and his terminally ill sister.

**I. The Court defers to the USMS regarding contact visits on the issue of the Defendant giving his sister a hug.**

The Defendant repeatedly states the purpose for filing the motion in an attempt to get a custodial visit between the Defendant and his terminally ill sister is so "Mr. Lopez would be able to give his sister a hug and say goodbye before she passes away." (**Doc. 45 at 2**). The Defendant requests in the alternative to a custodial visit to the home with the USMS, a "short contact visit" at the courthouse. (**Doc. 45 at 3**).

In this particular case, the Court has determined that it should defer to law enforcement's custodial policies and practices regarding contact visits as "the Constitution does not require that detainees be allowed contact visits." *Block v. Rutherford*, 468 U.S. 576, 589 (1984). The Tenth Circuit has noted that in the context of post-sentencing custodial visits provide a unique

opportunity for passing contraband, including weapons and drugs, into the facility suggested that courts should uphold facilities' policies against them unless it can be conclusively shown that the prison officials were wrong or their restrictions imposed on contact visitation are irrational. *United States v. Balderama*, 2015 WL 1323466, 16 (D.N.M. Mar. 9, 2015) (citing *Ramos v. Lamm*, 639 F.2d 559, 580 (10th Cir. 1980)) (internal quotation omitted). These concerns are equally applicable to pre-sentencing detention. As custodial visits, particularly custodial contact visits, pose a unique threat to safety and security, courts generally defer to custodial law enforcement policy, provided the policy is not irrational. *Id.* Accordingly, the Court will not order a contact visit contrary to USMS safety and security policy. Therefore, that part of the motion is denied.

**II. It is not logistically possible for USMS to complete a custodial visit to the terminally ill sister's address in order to give her a hug before she passes.**

Under USMS safety and security policy, having USMS personnel transport Defendant for a custodial visit to the family address in Belen would be too much of a security risk for the USMS personnel or Cibola County jail staff. USMS cannot reasonably ensure their officers' own security or the security of the inmate in a location that they are not familiar with or have knowledge of who lives in and around the Defendant's family. Additionally, the Court defers to the USMS because "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Bell v. Wolfish et al.*, 441 U.S. 520, 548 (1979).

The Court notes that during Defendant's time in federal custody on this case, he has received a disciplinary report for Attempt/Conspiracy to manufacture weapons and identified as a participant of the group of eight inmates who assaulted another inmate resulting in two puncture wounds to his right-side rib cage area. (**Doc. 37 at 14**). The Defendant's behavior in custody is concerning to the Court and demonstrates a continued pattern of violence that does not support a

custodial visit whereby USMS personnel transport Defendant from Cibola County Detention Center to Defendant's home in Belen. Therefore, the Court denies the Defendant's request for a custodial visit to the family home.

**III. In the alternative to the family home, Defense Counsel have not demonstrated how Defendant's family would handle the logistics of trying to bring a hospice care patient into the courthouse for a custodial visit.**

Since emergency furlough is not an option (*see* **Doc. 42**), the Defendant alternatively requested a 30-minute contact visit in the courthouse.[2] (**Doc. 45 at 3**). The Court routinely allows for brief visits in the courtroom at sentencing hearings between Defendants and their family members, although such visits are supervised by USMS personnel and are non-contact visits. Accordingly, the Court would not be opposed to having the Defendant transported to the Courthouse for a brief non-contact visit with certain family members supervised by USMS personnel; however, Defense Counsel in the motion did not indicate how Defendant's family members can transport Defendant's sister, who has been represented to have a terminal medical condition and under hospice care, to the Federal Courthouse for a brief non-contact visit with Defendant. If Defense Counsel wishes to put forth a proposal, Defense counsel should contact Richard Garcia, Courtroom Deputy Clerk, to set up a telephonic hearing on the feasibility of having Defendant's terminally ill sister transported by his family to the federal courthouse. The Court understands this is a difficult time for the Defendant and his family and again recommends a Zoom video conference be arranged for the Defendant and his sister.

**CONCLUSION**

---

[2] For reasons in the first section of the discussion, the Court will defer on the issue of contact visits to the USMS.

For the reasons stated above, the Defendant's Motion for a Custodial Contact Visit (**Doc. 45**) is **DENIED**. However, the Court continues to recommend efforts be made to set up a visit over Zoom between the Defendant and his terminally ill sister.

**IT IS SO ORDERED**.

/s/

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE